UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EMMANUEL SUAREZ, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 4:17CV1566 ERW |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Emmanuel Suarez's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [1] and Motion for Relation Back Amendment Pursuant to Fed R. Civ. P. 15(c) for Clarification [8].

I.   BACKGROUND

Petitioner Emmanuel Suarez and the U.S. Government agreed the following facts could be proven beyond a reasonable doubt by the U.S. Government in trial.[1] On February 13, 2015, an undercover detective agreed to meet D.P. at a retail shopping center in Hazelwood, Missouri. D.P. arrived in a vehicle driven by Emmanuel Suarez. The detective exited his vehicle and entered the vehicle driven by Suarez. While inside the vehicle, the detective purchased heroin and cocaine from D.P. in exchange for $1320. D.P. asked Suarez to act as lookout while the detective counted out the money. During the transaction, the detective noted Suarez was in possession of a semi-automatic pistol. D.P. discussed selling the pistol to the detective, showing

---

[1] These facts are contained as part of the parties' Guilty Plea Agreement in Suarez's underlying criminal case, 4:15-CR-00099-ERW-2.

the detective the magazine was fully loaded and that there was a round in the chamber. The detective then exited the vehicle.

At the time of this transaction, Suarez was a previously-convicted felon. He had entered a guilty plea on November 17, 2006 for one count of Burglary in the First Degree, one count of Stealing a Motor Vehicle, and one count of Theft of a Credit Card.[2] All three offenses are felony offenses, each punishable by a term of imprisonment exceeding one year.

## II. PROCEDURAL HISTORY

Suarez was arrested on February 27, 2015 following the issuance of a Criminal Complaint. On March 4, 2015, a grand jury charged him with seven counts alongside D.P.: Count I, Conspiracy to Possess with the Intent to Distribute Heroin; Count II, Conspiracy to Possess with the Intent to Distribute Cocaine; Count III, Distribution of Heroin; Count IV, Distribution of Cocaine; Count VI, Possession of a Firearm in Furtherance of a Drug Trafficking Crime; Count VIII, Felon in Possession of a Firearm; and Count XII, Felon in Possession of a Firearm. The U.S. Government moved Suarez be detained without bail pending trial, arguing he was a danger to the community. U.S. Judge Shirley Mensah held a detention hearing, whereby a police detective with the St. Louis County Police Department testified regarding an incident in which Suarez shot and injured his sister's boyfriend on March 1, 2014. Judge Mensah found there was probable cause to believe the incident had occurred and that at the time of the shooting, Suarez had been on parole. Judge Mensah ordered Suarez be detained without bail pending trial.

On July 29, 2015, Suarez appeared before this Court and entered a plea of guilty to three of the charges against him in accordance with the parties' Guilty Plea Agreement: Count III, a

---

2 This plea occurred in the 21st Judicial Circuit Court for St. Louis County, Missouri as part of 06-CR-003322.

2

lesser offense necessarily included in Count VI,[3] and Count VIII. In exchange, the U.S. Government agreed to move to dismiss Counts I, II, IV, and XII at the time of sentencing. The Agreement also stated the U.S. Government agreed that:

> no further federal prosecution will be brought in this District relative to the defendant's participation in a conspiracy to distribute heroin and/or cocaine between August 2014 and the date of entry of this plea; nor as to his actual distribution of heroin and/or cocaine on any date between August 2014 and the date of entry of this plea; nor as to his possession or use of any firearm, either in conjunction with any drug trafficking offense or otherwise, on February 13, 2015, of which the government is aware at this time.

The parties further stipulated they had reached an agreement as to the U.S. Sentencing Guidelines Total Offense Level analysis as a result of negotiation, which led to Suarez's guilty plea. The parties agreed either party could request a sentence above or below the sentence calculated by the U.S. Sentencing Guideline Range. However, ultimately, the parties agreed to make a non-binding sentencing recommendation of 120 months imprisonment, a sentence greater than the sentence provided by the U.S. Sentencing Guidelines and ultimately recommended by the Probation Office's presentence report in this case.

On October 26, 2015, this Court sentenced Suarez to 120 months imprisonment. Following sentencing, counsel for Suarez filed a Notice of Appeal and a brief pursuant to *Anders*, in which counsel argued Suarez's plea was not knowing and voluntary. *See Anders v. California*, 386 U.S. 738 (1967). On June 17, 2016, the Eighth Circuit affirmed this Court,

---

[3] Suarez was charged and pled guilty to knowingly and intentionally using, carrying, and possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). However, he was charged with knowingly and intentionally brandishing the same firearm, which is punishable under 18 U.S.C. § 924(c)(1)(A)(ii) for a term of imprisonment not less than seven years. Pursuant to the terms of the Guilty Plea Agreement, he pled guilty to the lesser included offense punishable under 18 U.S.C. § 924(c)(1)(A)(i) for a term of imprisonment not less than five years.

stating there were "no non-frivolous issues for appeal." *U.S. v. Suarez*, No. 15-3620, (June 20, 2016). On May 23, 2017, Suarez filed this Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [1], arguing ineffective assistance of counsel.

### III. STANDARD

A federal prisoner who seeks relief under 28 U.S.C. § 2255 on grounds "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). In order to obtain relief under § 2255, the petitioner must establish a constitutional or federal statutory violation constituting "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Gomez*, 326 F.3d 971, 974 (8th Cir. 2003) (quoting *United States v. Boone*, 869 F.2d 1089, 1091 n.4 (8th Cir. 1989)).

Claims brought under § 2255 may be limited by procedural default. Generally, a petitioner "cannot raise a non-constitutional or non-jurisdictional issue in a § 2255 motion if the issue could have been raised on direct appeal but was not." *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994). It is also well-established a petitioner's ineffective assistance of counsel claim is properly raised under § 2255, rather than on direct appeal. *United States v. Davis*, 452 F.3d 991, 994 (8th Cir. 2006); *United States v. Cordy*, 560 F.3d 808, 817 (8th Cir. 2009). The burden of demonstrating ineffective assistance of counsel is on a defendant. *United States v. Cronic*, 466 U.S. 648, 658 (1984); *United States v. White*, 341 F.3d 673, 678 (8th Cir.

2003). To prevail on an ineffective assistance of counsel claim, a convicted defendant must first show counsel's performance "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). The defendant must also establish prejudice by showing "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id. at 694*.

Both parts of the *Strickland* test must be met in order for an ineffective assistance of counsel claim to succeed. *Anderson v. United States*, 393 F.3d 749, 753 (8th Cir.), *cert. denied*, 546 U.S. 882 (2005). The first part of the test requires a "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* Review of counsel's performance by the court is "highly deferential," and the Court presumes "counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* The court does not "second-guess" trial strategy or rely on the benefit of hindsight, *id.*, and the attorney's conduct must fall below an objective standard of reasonableness to be found ineffective. *United States v. Ledezma-Rodriguez*, 423 F.3d 830, 836 (2005). If the underlying claim (i.e., the alleged deficient performance) would have been rejected, counsel's performance is not deficient. *Carter v. Hopkins*, 92 F.3d 666, 671 (8th Cir. 1996). Courts seek to "eliminate the distorting effects of hindsight" by examining counsel's performance from counsel's perspective at the time of the alleged error. *Id.*

The second part of the *Strickland* test requires that the movant show that he was prejudiced by counsel's error and "that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Anderson*, 393 F.3d at 753-54 (quoting *Strickland*, 466 U.S. at 694). "A reasonable probability is a probability

sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. When determining if prejudice exists, the court "must consider the totality of the evidence before the judge or jury." *Id.* at 695; *Williams v. U.S.*, 452 F.3d 1009, 1012-13 (8th Cir. 2006).

The first prong of the *Strickland* test, that of attorney competence, is applied in the same manner to guilty pleas as it is to trial convictions. The prejudice prong, however, is different in the context of guilty pleas. Instead of merely showing that the result would be different, the defendant who has pleaded guilty must establish that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

**IV. DISCUSSION**

### A. Motion for Relation Back Amendment Pursuant to Fed. R. Civ. P. 15(C) for Clarifying Relief Requested in Initial § 2255 Motion

Suarez has moved this Court allow him to include an amendment to his original § 2255 Motion. In his proposed amendment, Suarez expressly argues he is entitled to withdraw his guilty plea and requests this Court hold an evidentiary hearing to determine if his counsel was sufficiently ineffective to render his guilty plea involuntary and invalid. That motion is granted. However, this Court finds it is able to rule on Suarez's amended § 2255 Motion without further briefing by the U.S. Government. Accordingly, the Government is not required to respond to this motion [8].

### B. Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody

Suarez provides two grounds for his claim of ineffective assistance of counsel, both of which are fundamentally similar. First, he alleges his counsel was ineffective during plea

agreement negotiations because his counsel did not calculate the sentence in accordance with the U.S. Sentencing Guidelines, which resulted in Suarez getting a higher sentence than that recommended by the pre-sentence investigation report. Likewise, Suarez argues his counsel was ineffective for failing to "move[] for the benefit of a minor role/or minimum participant reduction" pursuant to the United States Sentencing Guidelines Section 3B1.2.

The U.S. Sentencing Guidelines are advisory, not mandatory. *See U.S. v. Booker*, 543 U.S. 220 (2005). The sentencing court should first determine the proper guidelines range, and then it must "consider all of the factors enumerated in 18 U.S.C. § 3553(a) to determine whether to impose the sentence under the guidelines or a non-guidelines sentence." *U.S. v. Bueno*, 443 F.3d 1017, 1022 (8th Cir. 2006) (citing *U.S. v. Haack*, 403 F.3d 997, 1002-03 (8th Cir. 2005)).

Suarez has not shown he was prejudiced by any alleged error by his counsel during sentencing. At the sentencing hearing, this Court expressly applied the 18 U.S.C. § 3533(a) factors when issuing Suarez's final sentence. It found the defendant had an extensive criminal history that was not reflected by the U.S. Guidelines calculation. *See* 18 U.S.C. § 3553(a)(1) ("The court, in determining the particular sentence to be imposed shall consider the nature and circumstances of the offense and the history and characteristics of the defendant."). Further, at the sentencing hearing, this Court found the terms of the parties' Guilty Plea Agreement were not only reasonable, but were favorable to Suarez. Indeed, four of the charges against Suarez were dismissed by the U.S. Government as a result of the Guilty Plea Agreement.[4] As both parties indicated, there was ample evidence against Suarez with respect to all charges initially brought. Taking these facts into consideration, this Court would have thus rejected any motion by

---

4 If Suarez had been convicted of these charges, he would have faced four statutory sentences totaling to a maximum of 840 months, as is noted in the pre-sentence investigative report.

Suarez's counsel for a reduction based on the U.S. Guidelines and would have instead imposed the 120-month sentence based on the 18 U.S.C.A. § 3553(a) factors.

Accordingly, this Court finds Suarez has not met either requirement of the two-prong *Strickland* test. Suarez has not shown counsel committed any error that fell beyond the range of reasonable professional assistance required by the first prong. *Strickland,* 393 F.3d at 753. This Court will not hold counsel was ineffective for declining to file a motion that would have proven unsuccessful. *See Carter*, 92 F.3d at 671. Likewise, Suarez has not met the second prong, as he has not shown there is a reasonable probability that the result of the proceeding would have been different had counsel for Suarez advocated for a sentence at or below the U.S. Sentencing Guidelines calculation. *Strickland*, 393 F.3d at 753. This Court applied an upward variance to Suarez's sentence in consideration of the factors enumerated in 18 U.S.C. § 3553(a)(1), rather than in reliance on any agreement or request by the parties. As such, even had counsel requested a sentence at or below the U.S. Sentencing Guidelines calculation, it would have been denied.

## V. CERTIFICATE OF APPEALABILITY

The Court finds Suarez has not made a substantial showing of the denial of a constitutional right, as is required before a certificate of appealability can issue. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (explaining that a "substantial showing" is a showing the "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings"). Therefore, the Court shall not issue a certificate of appealability as to any claims raised in Suarez's § 2255 Motion.

Accordingly,

**IT IS HEREBY ORDERED, ADJUDGED and DECREED** that Petitioner's Motion for Relation Back Amendment Pursuant to Fed R. Civ. P. 15(c) for Clarification [8] is **GRANTED**.

**IT IS FURTHER ORDERED** that Petitioner Suarez's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [1] is **DENIED, with prejudice**. Finding the petition, files, and record of this case refute each of Suarez's claims, this Court holds no evidentiary hearing is required. The Court shall not issue a certificate of appealability as to any claim raised in Petitioner's § 2255 Motion.

So Ordered this 28th day of December, 2017.

**E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE**